**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4536-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARTIN L. GOINS, a/k/a
MARTIN LOUIS GOINES,
and MICHAEL JEFFERSON,

     Defendant-Appellant.

_____

Submitted on March 27, 2019 - Decided April 11, 2019

Before Judges Koblitz and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 04-12-2284.

Martin L. Goins, appellant pro se.

Dennis Calo, Acting Bergen County Prosecutor, attorney for respondent (William P. Miller, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant was convicted of the robbery and carjacking of two taxi-cab drivers in August and September 2004. He is serving a sentence of fifty-eight years in prison, with an eighty-five percent period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2. He appeals from the May 8, 2018 denial of his motion for a new trial based on a 2014 affidavit from a handwriting expert in which she opined that the signature on defendant's arrest warrant was not that of the municipal court judge. We affirm substantially for the reasons expressed by Judge James J. Guida in his thorough, well-reasoned opinion of May 8, 2018.

We set forth at length the facts surrounding the crimes and the procedural record as of that time in our 2012 opinion affirming the denial of post-conviction relief. State v. Goins, No. A-2182-10 (App. Div. Oct. 3, 2012) (slip op. at 2-7). After this opinion, our Supreme Court denied certification. State v. Goins, 213 N.J. 535 (2013). Defendant was then denied habeas corpus relief in the federal courts. Martin Goins v. Charles E.Warren, Civil Action No. 13-4057 (DRD), 2015 U.S. Dist. LEXIS 35472 (D. N.J. Mar. 20, 2015); order of Third Circuit Court of Appeals, Martin Goins v. Adm'r. N.J. State Prison, C.A. No. 15-1906 (Sept. 18, 2015).

Defendant raises the following issue on appeal:

POINT I: NEWLY DISCOVERED EVIDENCE REVEALS THAT APPELLANT WAS ARRESTED AND DETAINED ON FORGED ARREST WARRANTS IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW.

A. DUE TO NEWLY DISCOVERED EVIDENCE APPELLANT SHOULD HAVE BEEN GRANTED A NEW TRIAL.

B. A REMAND FOR AN EVIDENTIARY HEARING SHOULD [BE] GRANTED.

We previously rejected the issue of the purportedly forged arrest warrant signature in defendant's post-conviction relief appeal. Goins, slip op. at 9, 17. Evidence is newly discovered and sufficient to warrant the grant of a new trial when it is "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted." State v. Nash, 212 N.J. 518, 549 (2013) (quoting State v. Carter, 85 N.J. 300, 314 (1981)). As Judge Guida stated, defendant's expert's affidavit does not satisfy any of these factors.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4536-17T3